Filed 11/18/20  P. v. Delgadillo CA2/4
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE DELGADILLO,<br><br>    Defendant and Appellant. | B304441<br>(Los Angeles County<br> Super. Ct. No. BA436900) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Katherine Mader, Judge.  Dismissed.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Jose Delgadillo appeals from the trial court's denial of his petition for resentencing under Penal Code section 1170.95. The petition was denied following a hearing and briefing by the parties. The court found that there were no "grounds whatsoever for re-sentencing of [defendant]. . . . [D]efendant was the actual and only killer." (See *People v. Delgadillo* (July 17, 2018, B281230) [nonpub. opn.] [defendant convicted of second degree murder after driving his car under the influence of alcohol and colliding into a car, killing one of the passengers]; *People v. Roldan* (2020) __ Cal.App.5th __, __ [2020 WL 6375578] [petitioners convicted of second degree murder under actual implied malice are not entitled to relief as a matter of law under Penal Code section 1170.95].)

Defendant's appointed counsel found no arguable issues and filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), asking this court to independently review the record. On July 6, 2020, we directed counsel to send the record and a copy of the opening brief to defendant. Both his counsel and this court informed defendant that counsel had been unable to find any arguable issues. Defendant was invited to submit a supplemental brief or letter within 30 days raising any contentions he wished this court to consider. He did not do so.

As recently explained in *People v. Cole* (2020) 52 Cal.App.5th 1023 (review granted, Oct. 14, 2020, No. S264278) (*Cole*), the procedures set forth in *Wende* are not constitutionally compelled if a criminal defendant's appeal is not his or her initial appeal of right. (*Id.* at p. 1038.) We adopt the analysis in *Cole*, and apply the procedures

2

described therein for appeals from the denial of postconviction relief. Accordingly, if a defendant's counsel files a brief indicating she has been unable to identify any arguable appellate issues and, after notice, the defendant does not exercise his or her right to file a supplemental brief, we presume the order appealed from is correct and dismiss the appeal as abandoned. (*Id*. at pp. 1038–1040.) Appellate counsel complied with her obligations, and defendant was advised of his right to file a supplemental brief. Because he did not do so, we dismiss the appeal as abandoned in accordance with the procedures articulated in *Cole*.

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, Acting P. J.

We concur:

COLLINS, J.

CURREY J.

3